**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOSEPH FRIEL, individually and on
behalf of a class of all persons and entities
similarly situated,

     Plaintiff,                        Case No.:  3:26-cv-00005-KM

v.

IMPACT REMODELING, LLC
D/B/A LUXURY BATH NJPA
     Defendant.

---

**DEFENDANT, IMPACT REMODELING, LLC D/B/A LUXURY BATH
NJPA'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

---

Defendant, IMPACT REMODELING, LLC D/B/A LUXURY BATH NJPA

("LUXURY" or "Defendant"), by and through their undersigned attorneys, responds

to the Class Action Complaint (Doc No. 1), and states as follows:

**Preliminary Statement**

1.     The allegations contained in paragraph 1 assert legal conclusions and

thus no response is required. To the extent a response to those allegations is required,

Defendant denies them.

2.     The allegations contained in paragraph 2 assert legal conclusions and

thus no response is required. To the extent a response to those allegations is required,

Defendant denies them.

1

3. The allegations contained in paragraph 3 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

4. The allegations contained in paragraph 4 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

5. The allegations contained in paragraph 5 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## Parties

6. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7. Defendant admits only that the entity named as a Defendant was a limited liability company while in operation, and states that the corporate records speak for itself; therefore, the remaining allegations in paragraph 7 are denied.

## Jurisdiction & Venue

8. The allegations contained in paragraph 8 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

9. The allegations contained in paragraph 9 assert legal conclusions and

2

thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

10.    The allegations contained in paragraph 10 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## The Telephone Consumer Protection Act

11.    The allegations contained in paragraph 11 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

12.    The allegations contained in paragraph 12 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

13.    The allegations contained in paragraph 13 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

14.    The allegations contained in paragraph 14 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## Factual Allegations

15.    The Defendant admits that it performed renovations of bathrooms while

in operation; the remaining allegations contained in paragraph 15 are denied.

16.     The Defendant denies the allegations contained in paragraph 16.

17.     Defendant denies the allegations in paragraph 17 as phrased; Defendant states that the call records speak for itself concerning the allegations contained in paragraph 17, and therefore denies them.

18.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 18, and therefore denies them.

19.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 19, and therefore denies them.

20.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 20, and therefore denies them.

21.     Defendant states that the call records speak for itself concerning the allegations contained in paragraph 21, and therefore denies them.

22.     Defendant denies the allegations contained in paragraph 22.

23.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 23, and therefore denies them.

24.     Defendant states that the call records speak for itself concerning the allegations contained in paragraph 24, and therefore denies them.

25.     Defendant states that the call records speak for itself concerning the allegations contained in paragraph 25, and therefore denies them.

26. Defendant states that the text records speak for itself concerning the allegations contained in paragraph 26, and therefore denies them.

27. Defendant states that the call records speak for itself concerning the allegations contained in paragraph 27, and therefore denies them.

28. Defendant denies the allegations in paragraph 28 as it pertains to any calls made by Defendant. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 28 pertaining to calls made by third parties, and therefore denies the remaining allegations.

29. Defendant denies the allegations in paragraph 29 as it pertains to any calls made by Defendant. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 29 pertaining to calls made by third parties, and therefore denies the remaining allegations.

30. Defendant denies the allegations in paragraph 30 as it pertains to any calls made by Defendant. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 30 pertaining to calls made by third parties, and therefore denies the remaining allegations.

31. Defendant denies the allegation in paragraph 31.

32. Defendant denies the allegation in paragraph 32.

33. Defendant denies the allegation in paragraph 33.

**Class Action Statement**

34. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

35. The allegations contained in paragraph 35 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

36. The allegations contained in paragraph 36 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

37. The allegations contained in paragraph 37 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

38. The allegations contained in paragraph 38 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

39. Defendant denies the allegation contained in paragraph 39.

40. The allegations contained in paragraph 40 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

41. Defendant states that the call records speak for itself concerning the

6

allegations contained in paragraph 41, and therefore denies them.

42.     The allegations contained in paragraph 42 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

43.     The allegations contained in paragraph 43 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

44.     The allegations contained in paragraph 44 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

45.     The allegations contained in paragraph 45 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

46.     The allegations contained in paragraph 46, inclusive of subparagraphs a-c, assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

47.     The allegations contained in paragraph 47 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

48.     The allegations contained in paragraph 48 assert legal conclusions and

thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

49. The allegations contained in paragraph 49 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

50. The allegations contained in paragraph 50 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

51. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 51, and therefore denies them.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) (On Behalf of Plaintiff and the National Do Not Call Registry Class)

52. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in the PRAYER FOR RELIEF, inclusive of subparagraphs A. through D.

## JURY DEMAND

Defendant denies that Plaintiff is entitled to demand a jury trial.

## DEFENSES

Defendant does not allege or admit that it bears the burden of proof with respect to any of the following defenses, nor does Defendant assume the burden of proof of any matters that would otherwise rest on Plaintiffs.  In addition, Defendant reserves the right to supplement this Answer and assert additional affirmative defenses, other defenses and/or counterclaims at such time and to such extent as warranted by discovery and the factual development of this case.

## FIRST DEFENSE

Plaintiff's cause of action is barred because Plaintiff provided his express consent for any alleged calls.

## SECOND DEFENSE

Plaintiff has failed to allege sufficient facts upon which a claim for relief may be granted against Defendant in whole or in part.

## THIRD DEFENSE

Plaintiff is estopped from entitlement to any recovery, if any, by reason of his

9

own acts and omissions, including failure to properly notify Defendant and/or its agents not to call Plaintiff.

## FOURTH DEFENSE

Plaintiff's purported claims are barred because Defendant and/or its agents relied in good faith on the prior express consent provided by or on behalf of Plaintiff.

## FIFTH DEFENSE

Plaintiff's purported claims are barred to the extent Plaintiff is not the subscriber, user or owner of the cellular number on which Plaintiff alleges that calls were made to him from Defendant.

## SIXTH DEFENSE

Plaintiff's purported claims against Defendant are barred, in whole or in part, because any alleged damages he may have sustained were caused by individuals, third parties or entities other than Defendant.

## SEVENTH DEFENSE

Plaintiff's purported claims are barred to the extent Plaintiff and/or the class members are not residential subscribers and/or used their telephone for business purposes.

## EIGHTH DEFENSE

The allegations of the Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and Defendant reserves the

10

right to seek an award of fees and costs of this lawsuit against Plaintiff.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff is not an adequate class representative and/or has a conflict of interest.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that he did not register his cellular number on the Do Not Call registry.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that he did not answer "more than one" telephone solicitation from Defendant made without consent in a 12 month timeframe.

## TWELFTH DEFENSE

Plaintiff's cause purported of action is barred to extent that the calls to Plaintiff were made by another third party.

## THIRTEENTH DEFENSE

Plaintiff's purported claims are barred to the extent that Defendant did not directly make any of the calls. Defendant is not vicariously liable for the alleged calls made to Plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's cause of action is barred because the TCPA is invalid as it is an

unconstitutional restriction on First Amendment speech that contains multiple content based exceptions, and favors certain speech.

## FIFTEENTH DEFENSE

The action is not proper for class certification because Plaintiff cannot meet the prerequisites for class certification under Rule 23(a), and he bears the burden to prove them all.

## SIXTEENTH DEFENSE

The action is not proper for class certification because Plaintiff cannot meet the requirements for class certification under Rule 23(b), and he bears the burden to prove them all.

## SEVENTEENTH DEFENSE

The action is not proper for class certification as the questions of law and fact of the individuals predominate over the questions of law or fact common to the members, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls, Plaintiff's prior express consent, and Plaintiff's established business relationship with the Defendant.

## EIGHTEENTH DEFENSE

The action is not proper for class certification because the allegations are not typical and representative of the proposed class, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls, Plaintiff's

prior express consent, and Plaintiff's established business relationship with the Defendant.

### NINETEENTH DEFENSE

The action is not proper for class certification because Plaintiff cannot establish the numerosity requirement since there are no other known individuals similarly situated as Plaintiff.

### TWENTIETH DEFENSE

Any injury, statutory or otherwise, allegedly suffered by Plaintiff was not caused by the acts, conduct, or omissions of Defendant.

### TWENTY-FIRST DEFENSE

Any damage or loss sustained by Plaintiff and attributable to Defendant (if any) must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative negligence or fault.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because they lack standing and have not suffered any Article III injury.

### TWENTY-THIRD DEFENSE

Plaintiff has failed, refused and neglected to take reasonable steps to mitigate

the alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff engaged in fraud or made misrepresentations to induce Defendant to call him.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff engaged in entrapment and/or is a professional plaintiff litigant.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred as Defendant maintains TCPA policies and procedures to prevent calls being made in violation of the TCPA.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff had an established business relationship with Defendant.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent he made admissions to Defendant as to his personal identity and/or prior express consent and/or expressed an interest in Defendant's products and services.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred to the extent he waived any such alleged violation by acquiescing to the calls and/or text messages.

14

## **THIRTIETH DEFENSE**

Plaintiff's claims are barred to the extent there is a pending cause of action concerning the class claims raised here, which is first to file.

## **THIRTY-FIRST DEFENSE**

Plaintiff's claims are barred because he has no standing and suffered no injury.

## **THIRTY-SECOND DEFENSE**

Plaintiff's claims are barred as Defendant is entitled to rely on the safe harbor defense under 47 U.S.C. § 64.1200(c)(2)(i).

## **THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred to the extent that the Plaintiff has named the wrong entity as a Defendant in this matter.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to recovery or relief in any amount whatsoever, and respectfully prays that this Court:

a. Dismiss Plaintiff's Complaint with prejudice, and deny all relief, damages, and other remedies requested by Plaintiff;

b. Deny certification of the proposed Class;

c. Deny appointment of Plaintiff as class representative for the Class;

d. Deny appointment of Plaintiff's counsel as Class Counsel;

e. Enter an award of costs and attorneys' fees in favor of Defendant; and

f. Grant Defendant any and all further relief the Court deems just and proper.

Respectfully Submitted,

/s/ Carmen A. De Gisi
Carmen A. De Gisi, Esq.
PA Bar No: 208989__
E-mail: cd@degisilaw.com
DE GISI LAW GROUP, LLC
462 Germantown Pike, Suite 11
Lafayette Hill, PA  19444
Phone: 610-897-8721
Facsimile:  610-897-8862
*Counsel for Defendant*
        And
Diane J. Zelmer, Esq., (*pro hac vice pending*)
FL Bar No: 27251
E-mail: djz@berensonllp.com
Secondary: hac@berensonllp.com
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter FL 33458
Phone: 561-429-4496
Facsimile: (703) 991-2195
*Counsel for Defendant*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2026, I electronically filed this document through the CM/ECF system, that it will be sent electronically to the registered participants as identified on the NEF.

/s/ Carmen A. De Gisi
Carmen A. De Gisi, Esq