# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>IMPACT REMODELING, LLC D/B/A LUXURY BATH NJPA<br><br>    Defendant. | Case No. 26-cv-5 |

## JOINT CASE MANAGEMENT REPORT

Plaintiff Joseph Friel ("Plaintiff") and Defendant Impact Remodeling, LLC ("Defendant" or "Impact Remodeling") (collectively the "Parties"), by and through their respective undersigned counsel, having complied with the meet and confer requirements set forth in the LOCAL RULES or with orders specifically modifying their application in the above-captioned matter and this Court's April 21, 2026, Order (ECF No. 10), hereby submit the following Joint Case Management Plan.

1.    **Principal Issues.**

   1.1.    **Separately for each party, please give a statement summarizing this case:**

   **By plaintiff(s):**

66983074 v1

Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant initiated multiple telemarketing calls to Plaintiff's residential telephone number while it was listed on the National Do Not Call Registry, without prior express written consent.  Plaintiff alleges that Defendant's conduct constitutes unlawful telemarketing practices, including repeated solicitation calls placed for the purpose of advertising Defendant's goods and services. Plaintiff received at least eight such calls within a short time period despite never having had a prior relationship with Defendant. Based on this conduct, Plaintiff seeks to represent the following class:

**National Do Not Call Registry Class:**
All persons within the United States (1) whose residential telephone numbers were listed on the National Do Not Call Registry for at least 31 days; (2) who received more than one telephone solicitation call from Defendant; (3) within any 12-month period; (4) within four years prior to the filing of the Complaint.

In order to sufficiently identify who was calling him illegally, the Plaintiff did set an appointment with the Defendant, but this was only after he had received the unlawful calls he seeks to recover from under the TCPA.

   **By defendant(s):**

Defendant denies that it violated the TCPA.  Defendant contends that it had express consent to call Plaintiff, and/or that Plaintiff expressed an interest in Defendant's goods and services, including by making an appointment.  Defendant

2

further states that the Plaintiff made an incoming call to Defendant, and that certain calls alleged by Plaintiff were not made by Defendant and/or were made by Defendant to confirm the appointment and not for marketing purposes.

**1.2    The facts the parties <u>dispute</u> are as follows:**

1. Whether the plaintiff provided consent to receive the telemarketing calls at issue.

2. Whether Defendant placed the calls alleged in the Complaint.

3. Whether the calls were made for telemarketing purposes.

4. Whether Plaintiff's number was listed on the National Do Not Call Registry at the relevant time.

5. Whether Plaintiff expressed an interest in Defendant's goods or services and/or established a business relationship with Defendant.

6. The number, timing, and content of the calls at issue.

7. Whether the calls were incoming or outgoing.

8. Whether Plaintiff was the residential subscriber of the number alleged in the Complaint as having received the calls at issue.

The Parties reserve the right to supplement and/or amend this statement.

**<u>Agree</u> upon are as follows:**

**None.**

66983074 v1

The Parties reserve the right to supplement and/or amend this statement.

**1.3    The legal issues the parties <u>dispute</u> are as follows:**

1.    Whether Plaintiff can state a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c);
2.    Whether Plaintiff has standing to prosecute the claims at issue in the Complaint;
3.    Whether Plaintiff can satisfy the requirements for class certification; and
4.    Whether any alleged violation of the TCPA occurred, and if so, whether such violation was "willful" or "knowing."

The Parties reserve the right to supplement and/or amend this statement.

**Agree upon are as follows:**

None.

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction or venue:**

Defendant reserves the right to challenge personal jurisdiction and/or venue. Plaintiff contends venue is proper because Defendant directed calls into this District.

**1.5    Identify the named parties that have not yet been served:**

None.

**1.6    Identify any additional parties that:**

**plaintiff(s) intend to join:** None at this time.

**defendant(s) intends to join:** None at this time.

**1.7    Identify any additional claims that:**

4

66983074 v1

**plaintiff(s) intends to add:** None at this time. Plaintiff reserves the right to allege violations of the TCPA's telemarketing regulations in the event discovery reveals that the calls were placed for telemarketing purposes.

**defendant(s) intends to add:** None at this time.

## 2.0    Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

**2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

**Disclosed by Plaintiff:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Joseph Friel | Plaintiff |
| Any individual identified in Defendant's Rule 26 disclosures, written discovery, third party discovery or deposition | Third Parties |
| The prior holder of the telephone number to which the calls were placed, | Third Parties |
| Dominic Taylor | Third Parties |

**Disclosed by Defendant:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Corporate representative of Impact Remodeling, LLC d/b/a Luxury Bath NJPA | To be determined based on relevant topics |
| Any individual identified in the parties Rule 26 disclosures, written discovery, third party discovery or deposition | Third Parties |

5

**3.     Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion for Summary Judgment | Defendant | See Section 6. |
| Motion to Deny Class Certification | Defendant | See Section 6. |
| Motion for   Class Certification | Plaintiff | See Section 6. |

**4.     Discovery.**

**4.1     Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):** The Plaintiff has served discovery following the 26(f) conference.

**By defendant(s):** The Defendant intends to serve written discovery following the 26(f) conference.

**4.2     Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

Plaintiff's deposition regarding receipt of and placement of calls, his registration on the do-not-call registry, residential or business use of his phone, damages, and consent.

Defendant's corporate representative deposition regarding calling practices, policies, and systems, subject to Defendant's request for bifurcation below in Paragraph 4.4.

Discovery regarding call logs and Do Not Call compliance, subject to Defendant's request for bifurcation below in Paragraph 4.4.

**4.3    Describe any <u>discovery</u> that one or more Parties want(s) to conduct but <u>to which another party objects</u>, indicating each such discovery undertaking its purpose or what kinds of information would be developed through it:**

Defendant objects to any class discovery at this time, and contends that discovery should be bifurcated such that individual discovery only proceeds for the first 60-90 days to determine whether or not Defendant has a sufficient legal claim and/or is a proper class representative, and whether a motion for summary judgment is appropriate.  Defendant requests further briefing on this issue, and states that the *Bronstin v. Upstart Network, Inc.* case cited by Plaintiff below is distinguishable in that the "issues raised [were] disputes over Bronstin's credibility, not threshold legal questions warranting restructured discovery."

Plaintiff contends that bifurcate discovery would be inefficient given the overlap between class and merits issues in addition to the protections already provided to the Defendant under Rule 26, as Judge Munley recently found in a TCPA case after the parties briefed a defendant's request for bifurcation last month in *Bronstin v. Upstart Network, Inc.,* Case No. 1:25-cv-01410-JKM, ECF No. 26 (M.D. Pa.). Furthermore, to the extent that the Court would entertain bifurcation of discovery, the parties should not be put to the task of litigating every element of the Plaintiff's claim and defenses within 60 days, but instead a single aspect of the claims or defenses. However, as this Court has previously ruled in a TCPA case, bifurcation should not occur at all.

**4.4.    Identify any <u>subject area limitations on discovery</u> that one or more Parties would like imposed, at the first stage of or throughout the litigation:**

Defendant contends that discovery should be bifurcated such that individual discovery only proceeds for the first 60-90 days to determine

7

66983074 v1

whether or not Defendant has a sufficient legal claim and/or is a proper class representative, and whether a motion for summary judgment is appropriate. Defendant requests further briefing on this issue, and states that the *Bronstin v. Upstart Network, Inc.* case cited by Plaintiff below is distinguishable in that the "issues raised [were] disputes over Bronstin's credibility, not threshold legal questions warranting restructured discovery."

Plaintiff contends that bifurcate discovery would be inefficient given the overlap between class and merits issues in addition to the protections already provided to the Defendant under Rule 26, as Judge Munley recently found in a TCPA case after the parties briefed a defendant's request for bifurcation last month in *Bronstin v. Upstart Network, Inc.,* Case No. 1:25-cv-01410-JKM, ECF No. 26 (M.D. Pa.). Furthermore, to the extent that the Court would entertain bifurcation of discovery, the parties should not be put to the task of litigating every element of the Plaintiff's claim and defenses within 60 days, but instead a single aspect of the claims or defenses. However, as this Court has previously ruled in a TCPA case, bifurcation should not occur at all.

**4.5    For each of the following discovery tools, <u>recommend the per-party or per-side</u> limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the Parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

    **4.5.1 depositions (excluding experts) to be taken by:**
        **plaintiff(s): <u>10</u>    defendant(s): <u>10</u>**

    **4.5.2 interrogatories to be served by:**
        **plaintiff(s): <u>25</u>    defendant(s): <u>25</u>**

    **4.5.3 document production requests to be served by:**
        **plaintiff(s): <u>65</u>    defendant(s): <u>65</u>**

    **4.5.4  requests for admission to be served by:**
        **plaintiff(s) <u>50</u>    defendant(s): <u>50</u>**

    **4.5.6  Discovery of Electronically Stored Information**

[X]   Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

[ ]   Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

**5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

The parties anticipate requesting the entry of a Protective Order.

**5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

N/A.

**6.0   Scheduling**

**6.1   Final date for joining additional parties**

6.1      Final date for joining additional parties:

10/16/2026  Plaintiff(s)

10/30/2026  Defendants (s)

6.2      Final date for amending pleadings:

10/16/2026  Plaintiff(s)

10/30/2026  Defendant(s)

9

66983074 v1

6.3      All fact discovery to be completed by: <u>4/23/2027</u>

6.4      All potentially dispositive motions, including motions for class certification should be filed by: <u>5/28/2027</u>

     6.4.1   All responses to potentially dispositive motions should be filed by: <u>7/16/2027</u>

     6.4.2   All replies in support of potentially dispositive motions should be filed by: <u>8/20/2027</u>

6.5      Reports from Retained Experts due:

     from plaintiff(s) by: <u>1/15/2027</u>

     from defendant(s) by: <u>3/26/2027</u>

6.6      Supplementations due by: <u>3/26/2027</u>

6.7      All expert discovery commenced in time to be completed by <u>4/23/2027</u>.

6.8      This case may be appropriate for trial in approximately.

     <u>     </u> 240 Days from the filing of the action in this court

     <u>     </u> 365 Days from the filing of the action in this court

     <u>At an appropriate time after disposition of motions for class certification/dispositive motions.</u> Days from the filing of the action in this court

6.9      Suggested Date for final Pretrial Conference.

     <u>At an appropriate time after disposition of motions for class certification/dispositive motions.</u> (month/year)

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

10

I hereby certify that the following individual(s) have settlement authority.

Anthony Paronich
Paronich Law, PC
350 Lincoln St, Ste 2400
Hingham, MA 02043
(617) 485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com
*Counsel for Plaintiff*

Corporate or authorized representative of
Impact Remodeling, LLC d/b/a
Luxury Bath NJPA

**8.0    Alternative Dispute Resolution ("ADR")**

**8.1    Identify any ADR procedure to which this case already has been assigned or which the Parties have agreed to use.**

ADR procedure. The Parties have agreed to engage in private ADR.

Date ADR to be commenced: By April of 2027

Date ADR to be completed: <u>5/28/2027</u>.

**8.2    If the Parties have been unable to agree on an ADR procedure, but one or more Parties believe that the case is appropriate for such a procedure, identify the party or Parties that recommend ADR and the specific ADR process recommended:**

N/A

**8.3    If the Parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

N/A

11

**9.0** **Consent to Jurisdiction by a Magistrate Judge Indicate whether all Parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

All parties agree to jurisdiction by a magistrate judge of this court: ___ Y ___ N __X__ .

If the parties agree to jurisdiction by a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre
_____ Harrisburg
_____ Williamsport

**10.0** **Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

The Parties have agreed to cooperate concerning matters of privilege and protecting confidential/proprietary information. The Parties request that the Court enter an order providing, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), that:

The Parties agree, and this Court Orders, that inadvertent disclosure of information protected by the attorney-client, work-product privilege, or any other privilege, or trial preparation material shall not constitute a waiver of a valid claim of privilege. The Parties further agree, and this Court Orders, that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree that the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or

12

disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The Parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The Parties further stipulate and agree to electronic service of discovery requests and responses. The Parties further stipulate to electronic service of discovery documents when deemed reasonable in the eyes of the producing Party.

## 11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:        4/21/2026 <u>Anthony Paronich</u>
                            Attorney(s) for Plaintiff(s)
        [X]           ECF User(s)
        [ ]     Waiver requested (as separate document)
        [ ]     Fed.R.Civ.P. 7.1 (statement if necessary)

Dated:        4/29/2026  Diane J. Zelmer
                            Attorney(s) for Defendant(s)
        [x]           ECF user(s)
        [ ]
        [x]     Fed.R.Civ.P. 7.1 (statement if necessary)*

13

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

RESPECTFULLY SUBMITTED AND DATED this 8th day of May, 2026.

*/s/ Anthony Paronich*
Anthony Paronich
Paronich Law, PC
350 Lincoln St, Ste 2400
Hingham, MA 02043
(617) 485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

*/s/ Diane J. Zelmer*
Diane J. Zelmer, Esq., (pro hac vice)
FL Bar No: 27251
E-mail: djz@berensonllp.com
Secondary: hac@berensonllp.com
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter FL 33458
Phone: 561-429-4496
*Counsel for Defendant*

14