# BERENSON LLP

Counsel to the Remodeling and Home Improvement Industry

Diane J. Zelmer, Esq.

1242 SW Pine Island Rd., Suite 42-414
Cape Coral,FLl 33991
T: 561.429.4496 • C: 202.577.8984
djz@BerensonLLP.com

May 29, 2026

Honorable Jennifer P. Wilson
U.S. District Court Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17108

VIA ECF

RE:   ***Friel v. Impact Remodeling, LLC d/b/a Luxury Bath NJPA*, Case No. 3:26-cv-00005-KM, in the Middle District of Pennsylvania**

**Bifurcation of Discovery:  Individual Discovery Only to Proceed for 60-90 days**

Dear Honorable Judge Wilson,

This firm represents Defendant, Impact Remodeling, LLC d/b/a Luxury Bath NJPA ("Defendant" or "Luxury Bath") in the above-referenced matter.  Following the case management conference held on May 22, 2026, Luxury Bath submits this letter brief in support of its request to bifurcate discovery.  Specifically, Luxury Bath requests that the Court stay all class discovery and permit the parties to pursue individual discovery exclusively for a period of 60 to 90 days.

***Background***.   In this putative class action, Plaintiff alleges that Defendant violated the Telephone Consumer Protect Act ("TCPA") under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), by calling the Plaintiff eleven (11) times from November 3, 2025 to November 5, 2025.  Plaintiff alleges that Defendant made such calls to Plaintiff's residential telephone number (610) XXX-XXXX, which is on the National Do Not Call Registry ("DNC"), without obtaining consent to call him.[1] Luxury Bath disputes such allegations.

***If Plaintiff has no Individual Claim, the Class Claims Fail***.  To represent a putative class, Plaintiff must first possess standing by maintaining a viable claim under the TCPA.  Luxury Bath contends that Plaintiff cannot meet this threshold requirement.

***Issues for Individual Discovery***.   Here, the parties require targeted individual discovery concerning the elements of Plaintiff's threshold claim.  As an initial matter, no TCPA violation occurs if a plaintiff expressed an interest in, or established a business relationship with, a

---

[1] Plaintiff proposes to represent the following class:

> **National Do Not Call Registry Class**:  All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**Attorneys & Counselors at Law**

Offices Nationwide

BERENSON ᴸᴸᴾ

defendant.  This holds true even if that interest was entirely feigned.  *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-cv-587, 2018 WL 3933472 (S.D. Ohio Aug. 16, 2018) (holding that a plaintiff's "deceptive conduct gave [the defendant] an objectively reasonable basis" to believe an established business relationship existed).

In addition, Section 47 U.S.C. § 227(c)(5) expressly provides a right of action only if a plaintiff receives "***more than one*** telephone call within any 12-month period" (e.s.).  *See also*, *Weingrad v. Top Healthcare Options*, 2024 WL 4228149 (E.D. Pa Sept. 17, 2024) (e.s.) (citing *Gillam v. Reliance First Cap., LLC*, No. 21-4774, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) (confirming that blocked, missed, or declined calls do not constitute "telephone solicitations" under the Act).  Consequently, a defendant does not violate the TCPA by calling a plaintiff only ***once*** in a twelve month period.

Here, Luxury Bath contends that it ***never*** initiated any outbound calls to Plaintiff.  To the best of Luxury Bath's knowledge, *Plaintiff* initiated the contact by placing an inbound call to BCI Acrylic, Inc. on November 5, 2025.  That call was thereafter warm transferred to Luxury Bath. During this initial contact, Plaintiff explicitly expressed an interest in Luxury Bath's products and made an appointment.  Although Plaintiff alleges that ten (10) additional calls were made to Plaintiff from November 3, to November 5, 2025, Luxury Bath did not make those calls, and was not involved in any of those alleged communications with Plaintiff.

In addition to the foregoing, to prove an individual DNC claim under the TCPA, Plaintiff must demonstrate several distinct elements, including (1) that he personally registered his number on the DNC registry; (2) that the number was actively registered on the DNC at the time of the alleged calls; (3) that the number is a residential telephone number, and not a used for business purposes.

Furthermore, Luxury Bath is entitled to rely on the regulatory safe harbor defense to the extent that any telephone call was made in error.  47 U.S.C. § 64.1200(c)(2)(i).

***Court's Discretion***.  Federal courts possess broad discretion to issue a protective order or otherwise limit the timing and scope of discovery under Fed. R. Civ. P. 26(c).  *See Chaudhry v. Mobil Oil Corp.,* 186 F.3d 502, 505 (4th Cir.  1999) (holding that the district court did not abuse its discretion by staying discovery);  *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc*., 981 F.2d 160, 163 (4th Cir. 1992) (en banc) (citations omitted) (stating that an order under Rule 26(c) is committed to the trial court's discretion); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) (citations omitted) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court.").

***Bifurcation***.  Luxury Bath requests the Court to bifurcate discovery, with discovery first proceeding on individual issues to determine if Plaintiff has a legitimate cause of action. Courts may elect to bifurcate individual and class-wide discovery to prevent premature burdens on parties.  *See Degutis v. Fin. Freedom, LLC*, No. 2:12-cv-319-FTM-38, 2013 WL 10207621, at *1 (M.D. Fla. Oct. 18, 2013) (citation omitted) (staying class discovery and limiting discovery to Plaintiff's individual claims for 60 days); *Physicians Healthsource, Inc. v. Anda, Inc*., No. 12–60798–CIV, 2012 WL 7856269 at *2 (S.D. Fla. Nov. 27, 2012) (permitting discovery related only to plaintiff's individual claims for a two month period).

Indeed, Courts routinely bifurcate discovery in TCPA actions. *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021) (granting motion to bifurcate discovery in TCPA action because liability issues are "largely

Attorneys & Counselors at Law

Washington, D.C. • Virginia • Florida • Illinois • Colorado

**BERENSON** LLP

distinct from class certification issues"). *See e.g., Osidi v. Assurance IQ, LLC*, No. 21-CV-11320-ADB, 2022 WL 623733, at \*2 (D. Mass. Mar. 3, 2022) (bifurcating TCPA discovery because "the need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims."); *Leschinsky v. Inter-Continental Hotels Corp.*, 2015 WL 6150888, at \*2 (M.D. Fla. Oct. 15, 2015) (bifurcating TCPA discovery where the defendants' evidence suggested the individual claims were meritless as a matter of law); *DiCicco v Dabella Exteriors, LLC*, Case No. 25-cv-13338 (D. Mass.) (bifurcated for individual discovery to proceed first).

In fact, several district courts that have successfully initiated targeted discovery, which resulted in early resolutions without the need for costly class discovery. *See, e.g., Harris v. Champion Opco, LLC*, Case No. 1:22-cv-00429-MRB (S.D. Ohio March 23, 2023) (settling after targeted discovery); *Goldin v Renewal by Anderson, LLC*, Case No. 2:20-cv-06500-GAM (E.D. Pa. June 29, 2021) (dismissing action following individual discovery concerning whether plaintiff stated a claim and whether plaintiff was a suitable class representative). Even while motions to stay and/or bifurcate were *pending* in TCPA class actions, cases have been resolved on an individual basis. *Certeza v. Southern Industries Home Improvements, LLC*, Case No. 2:24-cv-03020-DCN (D.S.C. April 16, 2025) (dismissed following mediation).

Bifurcation is uniquely compelling here because Plaintiff scheduled an appointment during his very first call, and established a business relationship with Luxury Bath. Luxury Bath contends that Plaintiff cannot prove that (1) Luxury Bath initiated any telephone contact prior to the scheduling of that appointment; or (2) that the ten other alleged telemarketing calls between November 3 to November 5, 2025 were placed by, or on behalf of, Luxury Bath. Further, Luxury Bath did not make more than one phone call in a 12 month period to Plaintiff, and thus, did not violate the TCPA.

It is entirely proper and appropriate at this early stage in the litigation to bifurcate the discovery in this matter, especially given the disputes between the parties as to (1) who made the alleged calls, and (2) the communications on each such call. It is further appropriate to obtain discovery at this initial stage of the remaining elements of Plaintiff's individual claim to determine if Plaintiff can even act as a viable class representative.

Upon completion of this initial stage of discovery, Luxury Bath anticipates filing a dispositive motion for summary judgment to entirely dispose of Plaintiff's individual claim. Even assuming *arguendo* that the November 5, 2025 call was an outbound communication, Plaintiff's expression of interest and scheduling of an appointment means that Luxury Bath did not contact Plaintiff in violation of the TCPA ***more than once in a twelve month period***.
Because a threshold summary judgment motion could resolve this litigation early in its entirely, Luxury Bath respectfully requests that the Court bifurcate discovery and stay all class-wide inquiries.

***Bifurcation is More Convenient, More Expeditious, and in the Interest of Justice***.
Bifurcating discovery is appropriate, where as here, the burden and cost of class-wide discovery is undoubtedly large. *See Newell v. Aliera Healthcare, Inc.*, 2020 WL 13568762, at \*3 (N.D. Ga. Apr. 6, 2020) (noting that focusing on case-dispositive individual issues can save the parties and the Court from the "potential burdens and costs associated with unnecessary class discovery"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2006) (emphasizing that the enormous expense of class action discovery can push defendants to settle even meritless claims); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can

Attorneys & Counselors at Law

Washington, D.C. • Virginia • Florida • Illinois • Colorado

BERENSON LLP

construct a claim before forcing the parties to undergo the expense of discovery."); *Stavroff v. Midland Credit Mgmt. Inc.,* supra; *Brittingham v. Cerasimo, Inc.,* No. 2:08-CV-216TLSPRC, 2008 WL 5156645, at *1 (N.D. Ind. Dec. 8, 2008) (acknowledging that bifurcation will help expedite proceedings and avoid spending valuable time and resources on class certification issues when plaintiff's claim is meritless).

This is especially true in TCPA actions as class wide discovery may be entirely unnecessary. *See e.g., Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, Case No. 12-2132, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate TCPA discovery because resolving a "narrow, potentially dispositive issue" could obviate the need for costly class discovery); *Kemen v. Cincinnati Bell Telephone Company LLC*, Case No. 1:22-cv-152, 2024 WL 3633333, at *3 (S.D. Ohio Aug. 2, 2024) (bifurcating discovery on individual TCPA issues because it has the potential "to promote the 'speedy' and 'efficient' resolution of this matter").

Luxury Bath anticipates that it can complete individual discovery and file a dispositive motion within 60-90 days. Proceeding in this matter would be the most economical, convenient and expeditious practice, bypassing costly and potentially unnecessary class-wide discovery. Furthermore, there is no prejudice for a short delay, and this approach conserves judicial resources by focusing early attention on the threshold, dispositive issues rather than premature class certification issues that may ultimately be rendered moot.

**Rebuttal to Plaintiff's Reliance on *Bronstin***.  In the Joint Report, Plaintiff cited to *Bronstin v. Upstart Network, Inc*., Case No. 1:25-cv-01410-JKM, 2026 WL 893681 (M.D. Pa.) contending that bifurcating discovery would be inefficient.  There, the court noted that the "issues raised [were] disputes over Bronstin's credibility, not threshold legal questions warranting restructured discovery."  In Bronstin, unlike here, Upstart "did not deny that the calls were made," and "a genuine issue of material fact" already existed in the record.  By contrast, Luxury Bath raises clear, threshold legal issues and defenses that can dispose of this action entirely.

We thank Your Honor for consideration of Luxury Bath's position, and request the Court to allow discovery to proceed initially on individual discovery only for a period of 60-90 days.

Regards,

**BERENSON LLP**

Diane J. Zelmer, Esq.
Tel:  202-577-8984
Email:  djz@berensonllp.com

hcc/djz

Attorneys & Counselors at Law

Washington, D.C. • Virginia • Florida • Illinois • Colorado