# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

June 2, 2026

**VIA ECF**

The Honorable Jennifer P. Wilson
United States District Judge
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17108

> Re: *Friel v. Impact Remodeling, LLC d/b/a Luxury Bath NJPA*
>      Case No. 3:26-cv-00005

Dear Judge Wilson:

Plaintiff respectfully submits this response in opposition to Defendant's May 29, 2026 request to bifurcate discovery and stay all class discovery for 60–90 days.

Defendant has not demonstrated good cause for the extraordinary relief it seeks. Rather than identifying a discrete threshold issue appropriate for limited discovery, Defendant seeks to postpone class discovery while litigating virtually every disputed factual issue in the case, including whether Defendant placed the calls, whether Plaintiff consented, whether an established business relationship existed, whether Plaintiff's telephone number was residential, whether Plaintiff's number was registered on the National Do Not Call Registry, and whether Defendant may avail itself of various statutory and regulatory defenses. Such a proposal is not true bifurcation. It is a request to stay class discovery while the parties litigate the merits of Plaintiff's claims.

Federal courts possess discretion to sequence discovery. However, the moving party bears the burden of demonstrating that bifurcation would be more convenient, less prejudicial, more expeditious, and more economical. *Clarity Sports Int'l LLC v. Redland Sports,* 400 F. Supp. 3d 161, 184 (M.D. Pa. 2019). Defendant has not met that burden here. Indeed, the Third Circuit has cautioned against routine bifurcation of discovery. *See Barr Laboratories, Inc. v. Abbott Laboratories*, 978 F.2d 98, 115 (3d Cir. 1992).

Most importantly, a closely analogous TCPA decision from this District strongly counsels against bifurcation. In *Bronstin v. Upstart Network, Inc.,* Case No. 1:25-cv-01410-JKM (M.D. Pa. Apr. 1, 2026), Judge Munley denied a motion seeking phased discovery on purported threshold issues relating to the plaintiff's standing and ownership of the telephone number at issue. The Defendant attempts to distinguish this matter because in *Bronstin* the Court concluded

that the issues raised were "disputes over Bronstin's credibility, not threshold legal questions warranting restructured discovery." However, the Court further explained that bifurcation would not be more efficient because it would create additional disputes regarding whether particular discovery requests related to "individualized discovery or class discovery." Those concerns are equally applicable here.

Defendant attempts to further distinguish *Bronstin* by characterizing its defenses as threshold legal issues. They are not. Defendant's letter raises factual disputes concerning consent, the identity of the caller, the existence of a business relationship, and whether Defendant placed the calls alleged in the Complaint. These are disputed merits issues requiring factual development. They are not threshold legal questions capable of separate resolution. The parties' Joint Case Management Report confirms as much. There, the parties identified disputes concerning whether Defendant placed the calls alleged in the Complaint, whether Plaintiff consented, whether the calls were telemarketing calls, whether Plaintiff established a business relationship with Defendant, and the number, timing, and content of the calls. Those disputes lie at the heart of Plaintiff's claims and Defendant's defenses and require discovery regardless of how discovery is labeled.

Indeed, *Bronstin* is not an outlier or limited to a single Plaintiff's credibility. Recently, in another TCPA putative class action pending in this District, Chief Judge Brann entered a standard unified case management schedule following the parties' case management conference, rather than adopting the defendant's proposed bifurcated discovery framework. See *Jackson v. Direct Building Supplies LLC*, No. 4:23-cv-01569-MWB (M.D. Pa. May 29, 2026), ECF No. 55. *Jackson* further reflects the general practice within this District of allowing TCPA cases to proceed through ordinary discovery absent a truly discrete threshold issue warranting phased proceedings

Moreover, substantial overlap exists between merits discovery and class discovery. The Supreme Court has repeatedly recognized that class certification inquiries frequently overlap with the merits of the underlying claims. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 351 (2011). As the Advisory Committee has similarly observed, courts should avoid creating an "artificial and ultimately wasteful decision between certification discovery and merits discovery."

The discovery already served in this action demonstrates that overlap. Plaintiff seeks call logs, recordings, CRM records, dialing-system information, lead records, vendor information, TCPA compliance policies, consent records, and documents concerning the source of Plaintiff's telephone number. Defendant seeks discovery concerning the calls themselves, Plaintiff's alleged consent, DNC registration, alleged spoofed numbers, the identity of the caller, and Plaintiff's

communications concerning the calls. These subjects bear directly on both liability and class certification.[1]

For example, evidence concerning Defendant's dialing systems, telemarketing vendors, lead generators, consent practices, and TCPA compliance procedures is relevant not only to Plaintiff's individual claim, but also to whether Defendant engaged in common conduct affecting the proposed class. Likewise, evidence concerning call logs and call-routing records bears on whether Defendant placed the calls at issue and whether similar calls were placed to other consumers. Attempting to separate these issues into artificial "individual" and "class" phases would inevitably result in duplicative discovery and motion practice.

Indeed, Defendant's own theory of the case demonstrates the overlap. Defendant contends that Plaintiff initiated contact on November 5, 2025 and scheduled an appointment during that call. Plaintiff alleges, however, that he received at least eight unlawful telemarketing calls before that appointment was ever scheduled. Resolving that dispute necessarily requires discovery concerning who placed those calls, whether they were placed by or on behalf of Defendant, how Plaintiff's number was obtained, what dialing systems and vendors were utilized, and whether those same practices were employed with respect to other consumers. Those inquiries are simultaneously merits and class issues.

Courts routinely deny bifurcation under these circumstances. *See Hartley-Culp v. Credit Mgmt. Co.,* No. 3:14-CV-282, 2014 WL 4630852, at *4 (M.D. Pa. Sept. 15, 2014) (finding that bifurcation would increase litigation expenses by protracting discovery and duplicating depositions); *In re Plastics Additives Antitrust Litig.,* 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004) (warning that bifurcation may require courts to expend resources resolving disputes over what constitutes merits versus class discovery); *Wilson v. Quest Diagnostics, Inc.,* 2019 WL 7560932, at *4 (D.N.J. Aug. 22, 2019) (rejecting an attempt to limit discovery to a single defense and observing that both parties are entitled to discovery).

Nor has Defendant identified any concrete burden that would justify bifurcation. Generalized assertions regarding the expense of class discovery do not constitute good cause under Rule 26(c). Rule 26 already provides ample protection against disproportionate or unduly burdensome discovery. Defendant has not identified any specific request that imposes an undue burden, nor has it demonstrated why ordinary discovery cannot proceed under the existing safeguards provided by the Federal Rules.

To the contrary, bifurcation is likely to increase costs and delay resolution of the case. As Judge Munley recognized in *Bronstin*, bifurcation invites disputes concerning whether particular requests constitute individual discovery, class discovery, or both. Given the substantial overlap

---

[1] The Plaintiff is mindful of the general preference of the Court to not have discovery materials filed. However, if the Court would find them useful, the Plaintiff can provide the Court with a copy of discovery that each party has served.

present here, such disputes are virtually inevitable. The result would be additional motion practice, duplicated efforts, and a prolonged discovery schedule.

However, Should the Court determine that some phased discovery is appropriate, Plaintiff respectfully submits that any bifurcation should be narrowly tailored to a single discrete issue rather than the broad merits-first discovery Defendant proposes. As Plaintiff explained in the Joint Case Management Report, if the Court were inclined to consider phased discovery at all, the parties should not be required to litigate every element of Plaintiff's claims and every defense within a truncated 60–90 day period. Defendant's proposal encompasses nearly every disputed issue in the case and therefore provides none of the efficiencies typically associated with phased discovery.

If the Court believes limited phased discovery is warranted, Plaintiff respectfully requests that any such phase be confined to a single genuinely threshold issue identified by the Court, while allowing all remaining discovery—including overlapping merits and class discovery—to proceed in the ordinary course. Such an approach would preserve whatever efficiencies may exist without imposing the substantial prejudice, delay, duplication, and inefficiency associated with Defendant's proposal.

For all of these reasons, Plaintiff respectfully requests that the Court deny Defendant's request to bifurcate discovery and permit discovery to proceed in the ordinary course.

Respectfully submitted,


*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
Counsel for Plaintiff